UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH NICOLE HUNTER, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 1:24-cv-01205-EPG <br><br> ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) IN PART <br><br> (ECF No. 17) |

On May 22, 2026, Attorney Lawrence David Rohlfing, counsel for Plaintiff Leah Nicole Hunter, filed a motion for an award of $26,000 in attorney's fees under 42 U.S.C. § 406(b). (ECF No. 17). Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (*Id.* at 2; ECF No. 19). Plaintiff has not filed any response to the motion.

On May 26, 2026, the Commissioner filed a response providing analysis regarding the fee request but taking no position on its reasonableness. (ECF No. 20). Plaintiff's counsel filed a timely optional reply on June 1, 2026. (ECF No. 22).

For the reasons set forth below, the motion for an award of attorney's fees will be granted in part, in the amount of $15,000, with counsel reimbursing Plaintiff for $3,179 in fees received pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (*See* ECF No. 14).

## I. BACKGROUND

Plaintiff filed the complaint in this case on October 7, 2024. (ECF No. 1). The parties consented to this case proceeding before the undersigned. (ECF No. 9). On December 3, 2024,

Defendant filed a stipulation for voluntary remand pursuant to Sentence 4 of 42 U.S.C. 405(g). (ECF No. 11). On December 4, 2024, the Court issued an order to remanding the action and judgment was entered pursuant to the order. (ECF Nos. 12, 13).

On remand, the Commissioner granted Plaintiff's application for benefits entitling her to receive approximately $168,675.90 in past-due benefits. (ECF No. 17 at 5). Furthermore, the Commissioner awarded an additional $85,573 in past due benefits for Plaintiff's auxiliary beneficiary. (ECF No. 22 at 2). The additional benefits for the claim resulted in a recovery amount of $254,248.90 in past due benefits for Plaintiff and her dependent. (*Id.*).

Now, the matter is before the Court on counsel's motion, seeking an award of $26,000 in attorney fees.

## II.  DISCUSSION

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n.6. The goal of awarding fees under § 406(b) was to prohibit "exorbitant fees" from being collected by attorneys but also to provide sufficient fee awards "to encourage adequate representation of claimants." *Crawford*, 586 F.3d at 1149 (internal citations omitted).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure

that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded"). It is appropriate to consider the benefits paid to the auxiliary dependent child. *Hopkins v. Cohen*, 390 U.S. 530, 533–34 (1968) (past due benefits include dependents paid by virtue of the action).

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement in this case provides, in relevant part, as follows:

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive 25% of the past due benefits awarded by Social Security Administration to the claimant or such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is $7,200.00 as of November 30, 2022, whichever is smaller, upon successful completion of the case at or before a first hearing decision from an ALJ. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶2 only apply to disposition at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration. Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all

time whether exclusive or not committed to such representation.

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court. Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.

(ECF No. 17-1 at 1).

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included a decision in Plaintiff's favor remanding this case for further administrative proceedings. While there is no evidence that counsel engaged in any dilatory conduct resulting in delay or provided unsubstantial performance, the Court finds that a reduction is warranted because the requested benefits are large in comparison to the amount of time counsel spent on the case.

Counsel represents that 14.6 hours of attorney and paralegal time were expended in this matter. (ECF No. 17 at 5, 17).  Because the case was remanded due to a stipulation between the parties, counsel did not prepare any substantive briefing in the case.

For the 14.6 hours of time, counsel seeks an award of $26,000.  Such an award would result in an approximate hourly rate of $1,781.  Such an amount exceeds awards approved in other cases.  *See, e.g.*, *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *Malta v. Comm'r of Soc. Sec.*, No. 1:18-CV-00415-CDB, 2024 WL 3618430, at *3 (E.D. Cal. Aug. 1, 2024) (observing that hourly rate of $1,553.87 was "within the upper boundaries of reasonableness.") (collecting cases).

After consideration, the Court determines that a reduction in the total award to $15,000 is appropriate. This amount results in an hourly rate of approximately $1,027, which is well within the hourly rates other Courts have awarded.

Additionally, an award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was awarded $3,170 in EAJA fees, and counsel agrees to refund these fees. (ECF No. 17 at 16; ECF

No. 22 at 3).

## III.   CONCLUSION AND ORDER

For the reasons stated above, IT IS ORDERED as follows:

1.   The motion for attorney's fees (ECF No. 17) under 42 U.S.C. § 406(b) is granted in part.

2.   Plaintiff's counsel shall be awarded attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $15,000.

3.   Plaintiff's counsel shall refund Plaintiff $3,170 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) upon the receipt of the attorney's fee award. (*See* ECF No. 14).

4.   The Clerk of the Court is respectfully directed to serve a copy of this order on Plaintiff Leah Nicole Hunter 415 S. Lincoln St. Ridgecrest, CA 93555. (ECF No. 26, p. 2).

IT IS SO ORDERED.

Dated:   **June 2, 2026**                           /s/ *Erica P. Grosj*

UNITED STATES MAGISTRATE JUDGE

5